**IN THE UNITED STATES COURT FOR FEDERAL CLAIMS**

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES<br><br>*Defendant* | No. 1:22-cv-1446-LAS<br><br>Dated: November 15, 2022 |

## MOTION TO MORE DEFINITIVE STATEMENT AS TO ORDER AT DKT. 11

I, T.E., T.E Raj K. Patel (*pro se*), respectfully move this United States Court for Federal Claims to issue a more definitive statement for its Order issued at Dkt. 11. RCFC 12(e). *Wright v. United States*, 728 F.2d 1459, 1460 (Fed. Cir. 1984). 42 U.S.C. § 1981.

"[A] *pro se* [pleading] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." RCFC 12(e).

1. On October 3, 2022, I submitted a new complaint with several severed and severable claims before this Court. Dkt. 1.

2. On October 18, 2021, in a related case *Patel v. United States*, No. 1:21-cv-2004-LAS (C.F.C. 2021) issued an order to show cause [at Dkt. 7].

1

3.  On October 19, I responded quickly to the Order to Show Cause, indicating basic contract law and specific law of this Court of Federal Claims and the United States Court of Federal Claims.

4.  The United States Court of Federal Claims also overruled this Court of Federal Claims [at ECF 31] stating that this Court has subject-matter jurisdiction, even if it is through one claim, such as a contract claim. *Patel v. United States*, No. 22-1131 (Fed. Cir. 2022), ECF 31. The complaint-at-hand is identical to the complaint in No. 1:21-cv-2004-LAS (C.F.C. Nov. 5, 2021). Therefore, vertical precedent prohibits this United States Court of Federal Claims from using RCFC 12(h)(3) or RCFC 12(b)(1).

5.  This Court's opinion and order at Dkt. 11 says that this Court of Federal Claims lacks subject matter jurisdiction, including over a Tucker Act contract claim; the contract itself serves as the money-mandating source of law. Dkt. 11. *See* Pet. for Writ of Cert., *Patel v. United States*, No. 22-5280 (U.S. Oct. 3, 2022) (explaining case law for Tucker Act contracts claims). *Boaz Hous. Auth.*, 994 F.3d at 1371 n. 8 ("In *St. Bernard Parish*, we noted that the Claims Court incorrectly characterized its dismissal as jurisdictional in nature, rather than as a dismissal for failure to state a claim on which relief can be granted. 916 F.3d at 998 n.5.")

6.  Each Tucker Act contract claims has the "armed presumption" of subject-matter jurisdiction which must be overcome by the counsel for Defendant-United States clearly and convincingly, rather than the judge *sua sponte*. *Fisher*, 402 F.3d a 1173-74; *Holmes*, 657 F.3d at 1309-10 & 1313; and *Higbie*, 778 F.3d at 991-93. *Cf. Maine Cnty. Health Options*, 140 S. Ct. at 1327-28. *Contra*. ECF 31. *Labatte,* 899 F.3d at 1381.

    a. "The Supreme Court has set a rule that for Big Tucker Act claims compensation in the form of money damages is available as long as the armed presumptions of breach of contract is not overcome, and if a contract pleading has addressed "anything remotely monetary," then the "armed…presumption" of "money" damages will not be overcome." *Villars*, No. 2014-5124 * 2, 6 & 7 (quoting *Lee*, 420 U.S. at 140). *King*, 395 U.S. at 1 & 2-3 & *Higbie*, 778 F.3d at 993-95 quoting *Holmes*, 657 F.3d at 1314 quoting *San Juan City Coll. v. United States*, 391 F.3d 1357, 1361 (Fed. Cir. 2004).

7. Once a Tucker Act contract is found, nominal damages are presumed by the rule set by the United States Supreme Court.

8. It is also inappropriate for this Court of Federal Claims to order to show cause as to why a contract is money mandating.

    a. It is a "judicially-imposed requirement that [contracts] in question be money-mandating." *Higbie*, 778 F.3d at 992. *Villars v. United States*, 590 F. App'x 962 * 6-7 (Fed. Cir. 2014) ("The claim must, however, seek money damages to come within the Tucker Act, though not necessarily only money damages. *See Lee v. Thornton*, 420 U.S. 139, 140 (1975)"). *See Schneiter v. United States*, 159 Fed.Cl. 356, 368 n. 7 (C.F.C. Apr. 7, 2022) (allowing restitution and equity in formulating money damages) quoting *Pauley Petroleum Inc. v. United States*, 591 F.2d 1308, 1316 (Ct. Cl. 1979) (noting that the Tucker Act has always permitted the use of "equity doctrines to arrive at a pecuniary judgment"). Restatement (Second) of Contracts of Law § 345.

b. Thus, upon a breach of contract, there is a "presumption that a 'money' damages remedy is available for breach of contract." *Higbie*, 778 F.3d at 992-93.  *United States v. Winstar Corp.*, 518 U.S. 839, 885, (plurality opinion) (citing, e.g., Restatement (Second) of Contracts § 346, cmt. a (1981)).   *Higbie*, 778 F.3d at 995-1000 (Taranto, J., dissenting) ("strong presumption").

c. "This is true, even when 'there [was] no language in the agreements indicating that the parties did not intend for money damages to be available in the event of breach.'"  *Labatte v. United States*, 899 F.3d 1373, 1379 (Fed. Cir. 2018) quoting *Holmes*, 657 F.3d at 1316.

d. The Court of Federal Claims or the Court of Appeals for the Federal Circuit "[shall] require a showing that the contract can be fairly read to contemplate monetary damages before it may exercise jurisdiction under the Tucker Act…[only]…[w]here" all the remedies are "purely" and "entirely…non-monetary."  *Higbie*, 778 F.3d at 992-95 (underline added); *accord Holmes* 657 F.3d at 1314-16 (no further inquiry needed or necessary); *Villars*, 590 F. App'x 962 * 6-9 (underline added).  Otherwise, the presumption of money damages also satisfies the requirement that the substantive source of law of contract has term which are <u>reasonable amenable</u> to mandate money compensation or that the parties "<u>contemplated</u> monetary damages," especially because money damages is the default rule for breach of contract claims.  *Villars*, 590 F. App'x 962 * 6-9 (underline added).  *See Holmes*, 657 F.3d at 1314-16 quoted in *Bullock v. United States,* 10 F.4th 1317 (Fed. Cir. Aug. 26, 2021), *Boaz Hous. Auth.*, 994

4

      F.3d at 1364-65, and *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*). *But cf.* Dkt. 7, Dkt. 9, Dkt. 10, and ECF 31. *Labatte*, 899 F.3d at 1379 (allegations of Big Tucker Act breach of contract, and…prayer for monetary relief, are more than sufficient to establish [subject-matter] jurisdiction in the [C.F.C.].").[1]

9. Nonetheless, *Boaz Hous. Auth.*, 994 F.3d at 1370-71, explains the leading authority for these tests and consequences of their results:

    a. On one hand, in Tucker Act cases, the <u>jurisdictional inquiry</u> is whether the plaintiff's well-pleaded complaint is grounded on a money-mandating source. See Fisher v. United States, 402 F.3d 1167, 1173 & 1176 (Fed. Cir. 2005) (en banc)…In other words, 'all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's*, 525 F.3d at 1309…

    b. On the other hand, the <u>merits inquiry</u> considers whether the plaintiff has established all elements of its cause of action. Fisher, 402 F.3d at 1175. Therefore, "the consequence of a ruling by the court on the merits, that plaintiff's case does not fit within the scope of the source, is simply this: plaintiff loses on the merits for failing to state a claim on which relief can be granted." Id. at 1175–76 (internal citations omitted). Id. (italics in original).

---

[1]. *Morton v. Mancari*, 417 U.S. 535, 549 (1974) ("A statute may be repealed by implication only when two statutes are irreconcilable…"when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.") quoted in *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000).

c. *Boaz Hous. Auth.*, 994 F.3d at 1371 ("*Fisher*, 402 F.3d at 1173 ("[T]he determination that the source is money-mandating shall be determinative…as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action.").").

d. "[T]he determination that the source is money-mandating shall be determinative…as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action" has "established all elements of its cause of action." *Fisher*, 402 F.3d at 1172 & 1175. In other words, a plaintiff need not plead the elements of causation, foreseeability, and certainty, and a court may not require pleading with causation, foreseeability, and certainty from the plaintiff in order to enter discovery or entertain a motion of summary judgement from the plaintiff. *Fisher*, 402 F.3d at 1172. For "uniquely federal interests," Justice Alito has stated that his honor would keep recovering under the Tucker Act "easy," in the modern, post-*Erie* regime. *Maine Cmty. Health Options*, 140 S. Ct. at 1334 (Alito, J., dissenting) (internal citations omitted); Grievance 20, Decl. of Indep. (1776); and Indian Contract Act, 1872 (Sept. 1, 1872). *But cf. Cent. Oregon Indep. Health Services, Inc. v. State ex rel. Dep't of Hum. Services*, 156 P.3d 97, 105 (Or. Ct. App. 2007) (equitable power to remake contract for calculated fees and rates) (subject to subjective and objective understanding) (i.e. if contract is not fairly money mandating but the elements of the cause of action for a breach of contract claim are present). *Cf. Maine Cmty. Health Options*, 140 S. Ct.

      at 1334 (Alito, J., dissenting) (for statutes, the fair interpretation test, the Court needs to create a reasonable basis rule of applying it).

    e. "[T]he consequence of a ruling by the court on the merits…is simply this: plaintiff loses on the merits for failing to state a claim on which relief can be granted…Certainly it does not follow that, after deciding the case on the merits, the court loses jurisdiction because plaintiff loses the case." *Fisher*, 402 F.3d at 1175-76. *Accord Boaz Hous. Auth.*, 994 F.3d at 1371 discussing *St. Bernard Par. Gov't*, 916 F.3d at 987, 991, and 998 n. 5 (the Cl. Ct. incorrectly characterized its dismissal as jurisdictional in nature, rather than as a dismissal for failure to state a claim on which relief can be granted). *Accord Ralston Steel Corp. v. United States*, 340 F.2d 663, 667-69 & 672 (Fed. Cir. 1965), *cert. denied*, 381 U.S. 590 (1965). *Kawa v. United States*, No. 06-0448C * 12-13 (C.F.C. June 28, 2007) (An express or implied contract with the Government may serve "both as a basis for jurisdiction and as a basis for recovery on the favorable to the plaintiff."). It is an abuse of discretion independently on both parts of the C.F.C. and the Court of Appeals for the Federal Circuit, which reviews *de novo*, "a dismissal by the Court of Federal Claims for lack of jurisdiction" rather than failure to dismiss a claim upon which relief can be granted when maladministering this threshold issue "in the Tucker Act's heartland." *Higbie*, 778 F.3d at 993-94. *Maine Cmty. Health Options*, 140 S. Ct. at 1331. *See* Dkt. 10 & ECF 31.

10. "Put another way, in a contract case, the money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money

damages are available for breach of contract, with no further inquiry being necessary." *Holmes*, 657 F.3d at 1313 (Fed. Cir. 2011).

Currently, this Court of Federal Claims is at risk for breaching the mandatory authority of ECF 31 from *Patel v. United States*, No. 22-1131 (Fed. Cir. 2022). And, because the Tucker Act presumptions set the United States Supreme Court vests subject-matter jurisdiction in this Court of Federal Claims until it is clearly and convincingly overcome by the counsel for the Defendant, an Order to Show Cause is needless or not specific enough for me, the Plaintiff, to respond sufficiently and competently. Despite multiple claims being pleading, as usual in the judiciary, only one claim is enough and sufficient to vest jurisdiction in this Court of Federal Claims,

**Therefore**, I move that this Court issue a more definitive statement in its Order to Show Cause, as to why the "contractual obligations," which caused over $10,000 in damages, do not vest Tucker Act jurisdiction over this case. Dkt. 11 at para. 1.

**In the alternative**, I move that this Court of Federal Claims re-characterize this motion to vacate the Order to Show Cause and resume the previously set pleadings calendar.

**In the next alternative motion**, I move that this this pleading be re-characterized as a pleading satisfying the Order to Show Cause and resume pleadings calendar.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County

317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

J.D. Candidate, Notre Dame L. Sch.

President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corporate sovereign 2013-present)

Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corporate sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

# CERTIFICATE OF SERVICE

In addition to service to the United States by the Clerk of the Court of Federal Claims, I served the following individual via e-mail on November 15, 2022:

    **MR. ROBERT K. KIEPURA, Trial Attorney**
    U.S. Dep't of Justice - Civil Div. (G)
    P.O. Box 480
    Ben Franklin Station
    Washington, D.C. 20044
    (202) 305-4436
    Fax: (202) 353-0461
    robert.kiepura@usdoj.gov

Dated: November 15, 2022

        Respectfully submitted,

        /s/ Raj K. Patel
        T.E., T.E. Raj K. Patel (*pro se*)
        6850 East 21st Street
        Indianapolis, IN 46219
        Marion County
        317-450-6651 (cell)
        rajp2010@gmail.com
        www.rajpatel.live