IN THE UNITED STATES COURT FOR FEDERAL CLAIMS

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES<br><br>*Defendant* | No. 1:22-cv-1446-LAS<br><br>Dated: November 18, 2022 |

**MOTION TO LEAVE TO FILE**
**RCFC 59 MOTION FOR RECONSIDERATION OR MOTION TO ALTER OR AMEND A JUDGEMENT**

I, T.E., T.E Raj K. Patel (*pro se*), respectfully move this United States Court for Federal Claims grant leave for me to file a Motion for Consideration or Motion to Alter or Amend a Judgement under RCFC 59. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* [pleading] must be held to less stringent standards than formal pleadings drafted by lawyers."). *See Patel v. United States*, No. 1:22-cv-1446-LAS (C.F.C. 202_), Dkt. 14.

1. I entered a contract with the United States in 2006. *Patel v. United States*, No. 1:22-cv-1446-LAS (C.F.C. 202_).

2. I brought action against the United States for breach of contract in October 2021, in the Court of Federal Claims. *Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021).

    a. On October 18, 2021, Senior Judge Loren A. Smith of the Court of Federal Claims issued an order to show cause. *Id.*, Dkt. 7. There, I showed that the President of the United States bounded the United States Government to a contractual obligation, under the four (4)-factor test administered by this Court of Federal Claims. *See Id. See*

1

*also Clinton v. Jones*, 520 U.S. 681, 705, 117 S.Ct. 1636, 1650-51 (1997) ("[t]he high respect that is owed to the office of the Chief Executive…is a matter that should inform the conduct of the entire proceeding,"…and that there is a tradition of federal courts' affording "the utmost deference to Presidential responsibilities *Clinton*, 117 S. Ct. at 1652," *In re Lindsey*, 158 F.3d 1263, 1280 (D.C. Cir. 1998) ((quoting *United States v. Nixon*, 418 U.S. 683, 710-11 (1974)) (internal quotation marks omitted).

    b. On October 19, Mr. Robert Kiepura of the United States Department of Justice appeared to represent the Defendant-United States. *Id.*, Dkt. 8.

    c. Next, on the same day, I submitted my response to the order to show cause. *Id.*, Dkt. 9.

    d. On November 5, Senior Judge Smith dismissed the case. *Id.*, Dkts. 10-11.

    e. Next, on the same day, I submitted my Notice of Appeal, indicating that I am appealing to the United States Court of Appeals for the Federal Circuit. *Id.*, Dkt. 12.

3. The United States Court of Appeal for the Federal Circuit accepted my appeal. *Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021), *rev'd in part & aff'd in part*, No. 22-1131 (Fed. Cir. May 19, 2022).

    a. On November 22, 2021, Mr. Robert Kiepura of the United States Department of Justice on again appeared to represent the Defendant-United States, and he later submitted a Motion for Summary Affirmance. *Patel v. United States*, No. 22-1131 (Fed. Cir. May 19,

2022), ECFs 11 & 16.  Interesting, Mr. Kiepura invalidly furthered Senior Judge Smith's viewpoint rather than United States-President Biden, United States-President Trump, or another individual who is responsible for the forming the contract.  28 U.S.C. § 518; *Arthrex, Inc.*, No. 19-1434 * 23 (executive power must remain accountable to the People through the President, the Head of State and Head of Government). At no point, does Mr. Kiepura ever deny there being a contract or the formation of the meeting of the minds.  *See also* ECF 17, ECF 40 at 45 & 46, and ECF 44.  https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (conscience-shocking behavior is "so 'brutal' and 'offensive' that it [does] not comport with traditional ideas of fair play and decency.") (abuse of executive power).

    b. On February 11, 2022, the United States Court of Appeals for the Federal Circuit granted Mr. Kiepura's Motion for Summary Affirmance but modified the reason as to why Senior Judge Smith's opinion [at Dkt. 10] should be affirmed.  *Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021), Dkt. 10, *rev'd in part & aff'd in part*, No. 22-1131 (Fed. Cir. May 19, 2022), ECF 31.

    c. On June 2, the United States Court of Appeals for the Federal Circuit affirmed its opinion [at ECF 31] on a Motion for Panel and En Banc Reconsideration.  *Id.*, ECFs 44 & 48.

4. On August 4, 2022, I submitted a petition for a writ of certiorari. *Patel v. United States*, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021), Dkt. 10, *rev'd in*

*part & aff'd in part*, No. 22-1131 (Fed. Cir. May 19, 2022), *cert. denied*, No. 22-5280 (U.S. Oct. 3, 2022).

    a. On September 6, Elizabeth B. Prelogar, the Solicitor General, appeared and waived her right to respond for Defendant.

    b. The United States Supreme Court denied certiorari on October 3, 2022.

5. On October 3, 2022, because the case had been modified by reversing in part by the United States Court of Appeals for the Federal Circuit, I submitted a new complaint with additional material to the United States Court of Federal Claims. *Patel v. United States*, No. 1:22-cv-1446-LAS (C.F.C. Oct. 3, 202_).

    a. As pretext, while the United States Court of Appeals for Federal Circuit did not remand No. 1:21-cv-2004-LAS (C.F.C. Nov. 5, 2021) back to this Court of Federal Claims, it directed that the Court of Federal Claims must determine similar claims as to whether the contract-at-hand "can fairly be interpreted as mandating compensation by the Federal Government" or not. *See Patel v. United States*, No. 22-1131 (Fed. Cir. 2022), ECF 31 at 2 (internal citations omitted). Senior Judge Smith has not honored his honor's obligations from the Court of Appeals which has caused prejudice to me and could elongate proceedings and should be allowed an opportunity to ink his opinion as to what is not fair about the contract-at-hand. *Cf.* Dkt. 14.

    b. The case was once again assigned to Senior Judge Smith, according to the Rules of the Court of Federal Claims.

    c.  The Court of Federal Claims ordered that the Defendant must respond by December 2, 2022.

    d.  On November 15, 2022, Judge Smith issued another order to show cause, saying that his honor does not believe that the Court of Federal Claims has jurisdiction over the Big Tucker Act contractual obligations. *Patel v. United States*, No. 1:22-cv-1446-LAS (C.F.C. Oct. 3, 202_), Dkt. 11.

    e.  Next, on the same day, I filed a Motion for a More Definitive Statement, while stating superior authority prohibiting the judge from issuing an order to show cause for Big Tuker Act, 28 U.S.C. § 1491(a), contract-based claims. Dkt. 12.  *See* RCFC 12(e).

    f.  On November 16, the Clerk of Court and Senior Judge Smith issued an order rejecting a filing with a caustic tone. Dkt. 13.

    g.  On November 17, Senior Judge Smith signed an order and opinion dismissing the case and issued this filing bar. Dkt. 14.

6. The November 15th Order to Show Cause wanted to know why the Court of Federal Claims has jurisdiction over the "contractual obligations." Dkt. 11 at para. 1. Therefore, I consistently responded with language from vertical precedent as to why the Court of Federal Claims has jurisdiction, i.e. Big Tucker Act claims are come armed with the strong presumption of jurisdiction which may be overcome by clear and convincing evidence by the United States Department of Justice, 28 U.S.C. § 516, and requested that the Judge Smith issue a more definitive statement under RCFC 12(e) "as to why the 'contractual obligations,' which caused over $10,000 in damages, do not vest Tucker Act jurisdiction over this case." Dkt. 12 at 8. But, then,

on November 17th, Senior Judge Smith stated that the case is to be dismissed for being "factually frivolous" or "unwarranted" under RCFC 12(h)(3), which Senior Judge Smith claimed [in Dkt. 10] in the related case in No. 1:21-cv-2004-LAS (Fed. Cl. Nov. 5, 2022). Dkt. 14 at 2. But, this time, Judge Smith added that RCFC 11(b)-(c) prohibits this ligation, despite not saying that in his November 15th Order to Show Cause and Opinion and Order [at Dkt. 10] in the related case in No. 1:21-cv-2004-LAS (Fed. Cl. Nov. 5, 2022). *But cf. Nixon*, 418 U.S. at 708-09 (there is also "[t]he need to develop all relevant facts in the adversary system.") and *but see Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988) ("[t]he authority to protect national security information falls on the President," not the C.F.C.). Nonetheless, the complaint filed in this case-at-hand elaborate a bit more on the facts than the previous filed complaint.

    a. Further, as applied, President George W. Bush, President Obama, and President Trump can all be subpoenaed, if the Defendant-United States denies having the contract formation material. 44 U.S.C. § 2202. *See also* 42 U.S.C. § 1981.

    b. *See also Hollingsworth v. Perry*, 133 S. Ct. 2652, 2665 & 2674 (2013) ("the incumbent President of the United States is the "next friend" of the "the real party in interest," the unique Sovereign, of all the natural persons, each a sovereign, of the United States").

7. Next, as stated in ECF 31 of No. 22-1131 (Fed. Cir. May 19, 2022), RCFC 12(h)(3) cannot stand alone; it must be coupled with RCFC 12(b)(6) or RCFC 12(b)(1), at this stage in the proceeding.

8. Next, the Court seems, once again, to use the tactic of equivocation, as it did in Dkt. 10 of No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021), and which caused the United States Court of Appeal for the Federal Circuit to modify and reverse this court's reasoning. *See Patel v. United States*, No. 22-1131 (Fed. Cir. May 19, 2022), ECF 31.

   a. The Supreme Court of the United States opined the law of *Spencer*, "irrational and wholly incredible" in literal or formal terms, but this Court has once again equivocated to its application with the *Spencer*'s words' misconstrued informal expression of the complaint-at-hand with the mandatory reasonable formal expression of the complaint-at-hand; put another way, "incredible" is similar in meaning with "improbable" rather than "implausible." *See* Dkt. 14 at 1 quoting *Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). *See* Google.com (define "incredible," INFORMAL amazingly good or beautiful.).

   b. Like the policy of the Ancients Greeks, a human must be as good as they are to come off as being irrational or delusion; John Adams feared that innovation and great thinkers would be "diffused"; Albert Einstein was deemed irrational and schizophrenia for not being able to prove his own theorems, which are a part of the laws of physics; and the Emperor Shah Jahan cut off the hands of the engineer of the Taj Mahal as to prohibit from building anything else so incredible.

   c. Was King George III, "the Mad King," mad-genius or mad-insane/mad-mentally-diseased?

https://www.bbc.com/news/magazine-22122407;

https://www.royal.uk/george-iii#:~:text=He%20was%20the%20third%20Hanoverian,American%20colonies%20and%20going%20mad ("He was the third Hanoverian monarch and the first one to be born in England and to use English as his first language.").

d. The Crown and the American Revolutionaries went to over the War over this question; Thomas Jefferson was peer pressured to agree to mad-insanity in his Declaration of Independence (1776). https://teachingamericanhistory.org/document/rough-draft-of-the-declaration-of-independence/. Overall, the Supreme Court of the United States only prohibits irrational-logically-cannot-happen or wholly-incredible-cannot-logically-happen to be dismissed, under RCFC 12(b)(6) and RCFC 12(h)(3), and not irrational-logically-outstandingly-amazing or wholly-incredible-logically-and-scientifically-exceptional-and-quintessentially-superior. Dkt. 14.

   i. Substantive Due Process also distinguishes between what is reasonable, possible, plausible, rational, and good with the President of the United States, the most powerful and resourceful and advanced/technologically-developed person in the first world.

   ii. British newspapers have also recently reported that similar technology is now within the hands of second-world, such as China. https://www.dailymail.co.uk/news/article-

> 10355211/China-working-brain-control-weaponry-paralyze-control-opponents.html.

e. Once this Court consistently reasons without equivocations and in the literal terms the United States Supreme Court opined in, this Court is likely to amend or alter or reconsider its judgement and allow the case to continue on the merits.

Therefore, I ask the Chief Judge Elaine D. Kaplan to grant leave to file a Motion for Reconsideration or Motion to Alter or Amend Judgement under RCFC 59 so that Senior Judge Smith may elaborate as to why the facts are factually frivolous or the contract claim is unwarranted because as the case stands, Senior Judge Smith seems to be saying that the President of the United States cannot faithfully execute the United States Constitution this way. *Cf. Nixon*, 418 U.S. at 703-4 (the Executive Branch's "interpretation of its [own] powers…is due great respect from the others"); U.S. const. art. II, § 1; Federalist 78 (judiciary has neither FORCE nor WILL); and *Marbury v. Madison*, 5 U.S. 137 (1803) (judicial review). *Schism v. United States*, 316 F.3d 1259, 1304-06 (Fed. Cir. 2002) (incumbent Presidents, and possibly former Presidents under https://www.state.gov/wp-content/uploads/2022/02/United-States-Order-of-Precedence-February-2022.pdf, retain "actual authority" to bind the Government of the United States to contractual obligations necessary to carry out the duties of their unique legal offices, including in Congress' United States Court of Federal Claims, The Tucker Act, 28 U.S.C. §§ 1346(a) &1491). *Poindexter v. Greenhow*, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall] be observed.") (underline added). Overall, the contract-at-hand is a highly authoritative, because the contract is between T.H. President of the United States and me, now-T.E. T.E., and the Defendant and I formed this contract-at-hand in order to execute its

responsibilities under the Privileges and Immunities Clause of the United States Constitution and remediate racism and possibly other forms of bigotry. *United States v. Arthrex, Inc.*, No. 19-1434 * 23, 594 U.S. ___ (U.S. 2021) (State powers are vested in all branches of gov't, although is a political power exercised by the Head of State); *see also Trump v. USA*, No. 9:22-cv-81294-AMC (S.D. Fla. 202_) (explaining presumptions of regularity as applied to me); and *Hollingsworth*, 133 S. Ct. at 2667 & 2670-71 ("unique legal status"). Nonetheless, Senior Judge Smith is contradicting his honor's own language. *Compare* Dkt. 11 at 1 ("contractual obligations") *with* Dkt. 14 ("factually frivolous" or "unwarranted"). And, once again, Senior Judge Smith has equivocated, similar to what caused the United States Court of Appeals for the Federal Circuit to modify and overturn his reasoning last time. *See* No. 22-1131 (Fed. Cir. 2022), ECF 31. Justice requires that Your Honor Kaplan allow Senior Judge Smith to reconsider, alter, or amend his honor's opinion at Dkt. 14 and allow the case now to continue on the merits.

                Respectfully submitted,

                /s/ Raj K. Patel
                T.E., T.E. Raj K. Patel (*pro se*)
                6850 East 21st Street
                Indianapolis, IN 46219
                Marion County
                317-450-6651 (cell)
                rajp2010@gmail.com
                www.rajpatel.live

                J.D. Candidate, Notre Dame L. Sch.

- President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corporate sovereign 2013-present)
- Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corporate sovereign 2009-present)
- Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
- Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
- Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
- Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

## **CERTIFICATE OF SERVICE**

In addition to service to the United States by the Clerk of the Court of Federal Claims, I served the following individual via e-mail on November 18, 2022:

    **MR. ROBERT K. KIEPURA, Trial Attorney**
    U.S. Dep't of Justice - Civil Div. (G)
    P.O. Box 480
    Ben Franklin Station
    Washington, D.C. 20044
    (202) 305-4436
    Fax: (202) 353-0461
    robert.kiepura@usdoj.gov


Dated: November 18, 2022

                Respectfully submitted,



                /s/ Raj K. Patel
                T.E., T.E. Raj K. Patel (*pro se*)
                6850 East 21st Street
                Indianapolis, IN 46219
                Marion County
                317-450-6651 (cell)
                rajp2010@gmail.com
                www.rajpatel.live

**EXHIBIT F**

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAJ K. PATEL,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1131

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02004-LAS, Senior Judge Loren A. Smith.

---

**ON MOTION**

---

Per Curiam.

**O R D E R**

The United States moves to summarily affirm the United States Court of Federal Claims' judgment dismissing Raj K. Patel's complaint. Mr. Patel opposes.

Mr. Patel brought this suit seeking $3,760,000,000 for breach of a contract with the President of the United States "about living under the stress weapon." Appx47. Mr. Patel further alleged that the government failed to protect his

right of the free exercise of religion, violated his right to privacy, violated the equal protection clause, violated the Takings Clause by taking his "word patterns," and was part of a criminal conspiracy against him. Appx57. The Court of Federal Claims dismissed, and he now appeals.

We agree with the government that the merits of the parties' positions as stated in the opening brief and motions papers are so clear as to warrant summary affirmance. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Tucker Act, 28 U.S.C. § 1491, limits the Court of Federal Claims' jurisdiction to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation and internal quotation marks omitted). The Court of Federal Claims correctly concluded that Mr. Patel's allegations were baseless and that it lacked jurisdiction over any of his claims.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The Court of Federal Claims' judgment is summarily affirmed.

(2) All other pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

February 11, 2022         /s/ Peter R. Marksteiner
        Date              Peter R. Marksteiner
                          Clerk of Court

# In the United States Court of Federal Claims

No. 21-2004

Filed: November 5, 2021

|  |  |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

**ORDER**

      Plaintiff Raj K. Patel, proceeding *pro se*, filed a complaint with this Court alleging, *inter alia*, that the government breached its contractual obligations, violated his right to free exercise of religion, and abridged his "privileges and/or immunities" by committing "battery/assault/ torture/genocide/civil rights violation/conspiracy through a psycho-bio-tech stress weapon." Complaint at 1–3, ECF No. 1 [hereinafter Compl.]. The Court ordered plaintiff to show cause as to why this Court has jurisdiction over his claims. *See* Show Cause Order, ECF No. 7. Plaintiff responded to the Court's Order the next day. *See* Plaintiff's Response to Show Cause Order, ECF No. 9 [hereinafter Pl.'s Resp.]. After careful review of plaintiff's Complaint and Response to the Court's Show Cause Order, the Court determines it does not have jurisdiction and therefore must dismiss the Complaint. *See* R. Ct. Fed. Cl. 12(h)(3).

      Plaintiff brings his claims under the Tucker Act, 28 U.S.C. § 1491. Compl. at 5. The Tucker Act grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). This includes claims against the United States for breach of contract. *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir. 2015). The jurisdictional grant is limited, however, *see United States v. Testan*, 424 U.S. 392, 398 (1976), and if the Court "determines at any time that it lacks subject-matter jurisdiction," it must dismiss the action. R. Ct. Fed. Cl. 12(h)(3).

      Plaintiff has the burden of demonstrating that this Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And while *pro se* plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), this leniency does not lessen the plaintiff's jurisdictional burden. *See Ibrahim v. United States*, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

1

Demonstrating this Court's jurisdiction is generally a low bar. *See, e.g., Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) ("As a general rule, if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the Claims Court to decide whether the claim has merit."). Claims that are "factually frivolous," however, fall outside of this Court's jurisdiction. *See, e.g., Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011). These are claims supported by facts that are "delusional," "clearly baseless," or "rise to the level of the irrational or the wholly incredible." *Id.* Determining whether a claim is factually frivolous is within this Court's discretion. *See id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Upon *sua sponte* review, the Court finds that plaintiff fails to plead a non-frivolous claim for relief. *See Spencer*, 98 Fed. Cl. at 356. The allegations asserted in plaintiff's Complaint, including the claims regarding his alleged contract with the government over use of "a psycho-bio-tech stress weapon," fall into the category of "delusional" or "clearly baseless." *Id*. In other words, plaintiff's claims are frivolous. Therefore, this Court does not have jurisdiction over plaintiff's claims and must dismiss the Complaint.

Accordingly, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

# In the United States Court of Federal Claims

No. 22-1446

Filed: November 17, 2022

|  |  |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

On November 5, 2021, this Court issued an order dismissing plaintiff's first complaint in *Patel v. United States*, No. 21-2004, *sua sponte*, for lack of subject-matter jurisdiction under Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). *See generally Patel v. United States*, No. 21-2004, ECF No. 10 (Order of Dismissal) and ECF No. 16 (Mandate of Court of Appeals for the Federal Circuit Affirming Dismissal). On August 12, 2022, this Court issued an order dismissing plaintiff's second complaint in *Patel v. United States*, No. 22-734, *sua sponte*, for lack of subject-matter jurisdiction under RCFC 12(h)(3). *See generally Patel v. United States*, No. 22-734, ECF No. 11 (Order of Dismissal).

On October 3, 2022, plaintiff, proceeding *pro se*, filed a third complaint with this Court, asserting the same underlying claims already dismissed in *Patel v. United States*, No. 21-2004, and *Patel v. United States*, No. 22-734, *i.e.*, that government actors breached contractual obligations and abridged his "privileges and/or immunities" by committing "battery/assault/ torture/genocide/civil rights violation/conspiracy through a psycho-bio-tech stress weapon." *Compare* Complaint, ECF No. 1. [hereinafter Compl.], *with* Complaint, No. 21-2004, ECF No. 1, *and* Complaint, No. 22-734, ECF No. 1. On November 15, 2022, the Court ordered plaintiff to show cause as to why this Court has jurisdiction over his claims. *See* Show Cause Order, ECF No. 11. On that same day, plaintiff filed a Motion for More Definite Statement. *See* Plaintiff's Motion for More Definite Statement, ECF No. 12. The Court construes this Motion as a response to the Court's Order to Show Cause, ECF No. 11.

Based on a review of plaintiff's previously dismissed cases in this Court, his current Complaint, and his corresponding response to the Court's Order to Show Cause, the Court determines that the most recent Complaint filed by plaintiff is factually frivolous. The allegations asserted in the Complaint are irrational and wholly incredible. *See, e.g., Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)); *see also* Compl. at 1. Claims that are "factually frivolous," fall outside of this Court's

1

jurisdiction. *See Spencer,* 98 Fed. Cl. at 356, 358–59. Accordingly, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

Additionally, it is **ORDERED** that the Clerk is directed to accept no further filings or complaints from Raj K. Patel without an order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any future documents, plaintiff must explain how the submission raises new matters properly before this Court. *See* R. Ct. Fed. Cl. 11(b)–(c) (barring the filing of unwarranted or frivolous claims that have no evidentiary support).

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

2